IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


THOMAS EDWARDS,

      Petitioner,               CRIM. NO. 2:11-CR-229
                                      JUDGE GREGORY L. FROST
      v.                      MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing*. Doc. 125. For the reasons that follow, the Court construes Petitioner's motion as a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255, and therefore recommends that the action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. If this recommendation is accepted, the Clerk should be directed to open a new civil action for statistical purposes.

### I. Procedural History and Discussion

This case involves Petitioner's underlying criminal convictions, pursuant to the terms of his negotiated plea agreement, on one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c), and one count of possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B). On January 16, 2013, the Court sentenced Petitioner to

60 months on Count One of the *Superseding Information*, and 38 months of imprisonment on Count Two, which according to the original judgment entry, were to be served concurrently with each other.  Docs. 74, 75.  Petitioner's subsequent appeal was dismissed for want of prosecution.  Doc. 78.  On February 11, 2014, the judgment and commitment order was amended to reflect that Petitioner's sentences were to be served consecutively rather than concurrently, as had been stated on the record at the sentencing hearing.  Doc. 88.  Meanwhile, on October 28, 2013, Petitioner filed a *Motion to Vacate Under 28 U.S.C. 2255*, arguing that Petitioner had received ineffective assistance of counsel, that he was the victim of prosecutorial misconduct, that his criminal history score was incorrectly calculated, and that the Court committed plain error in sentencing him to a consecutive term of imprisonment for a count of conviction based on an inoperable firearm.  Doc. 81.  On September 9, 2014, the Court dismissed Petitioner's § 2255 motion.  Doc. 115.  Petitioner did not file an appeal.  This matter now is before the Court on Petitioner's August 31, 2015, *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing*.  Doc. 125.  Petitioner asserts that his prior criminal history points pursuant to the advisory United States Sentencing Guidelines were based on inaccurate information contained in the *PreSentence Investigation Report*.

It is the position of the Respondent that Petitioner's motion should be treated as a successive §2255 motion, that his claim is barred by the one-year statute of limitations, waived due to his failure to raise the issue on direct appeal, and that it lacks merit.  *Response in Opposition*, Doc. 130.  In response, Petitioner claims that his *Motion to Re-*

*Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* should not be treated as a successive §2255 motion. *Motion Addressing the Usage of the Word "Successive Petition,"* Doc. 132.

In his prior motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255, Petitioner raised the same issue regarding the calculation of his prior criminal history points that he raises now. As noted by the Respondent, this Court has already rejected that claim. *See Report and Recommendation*, Doc. 111 (finding that the claim should have been raised on direct appeal).

Although Petitioner argues to the contrary, his current *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* may only be viewed as a second attempt to re-litigate this same claim under the authority of 28 U.S.C. § 2255. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965), quoted with approval in *Bradshaw v. Story*, 86 F.3d 164, 166 (6th Cir. 1996). "If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012). The substance of Petitioner's most recent motion is a challenge to his sentence. That is a §2255 claim despite Petitioner's attempt to argue otherwise. That being the case, this Court lacks jurisdiction to consider the motion, absent authorization for the filing of a successive §2255 petition from the Sixth Circuit Court of Appeals.

28 U.S.C. §2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases      on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. §2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus.  *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996). That being the case, this Court is without jurisdiction to entertain a

-4-

second or successive §2255 petition unless authorized by the Court of Appeals for the Sixth Circuit.

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curia*).

## II. Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing,* Doc. 125, be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.   It is further recommended that if this recommendation is accepted, the Clerk be directed to open a new civil §2255 action for statistical purposes.

## III. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge