IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS EDWARDS,              CASE No. 2:15-cv-3005
                                          CASE NO. 2:11-cr-00229

      Petitioner,              JUDGE GREGORY L. FROST

      v.

UNITED STATES OF AMERICA,

      Respondent.

## OPINION AND ORDER

On October 28, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.  (ECF No. 133.)  Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*.  (ECF No. 146.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

For the reasons that follow, Petitioner's *Objection* (ECF No. 146) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 133) is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* (ECF No. 125) is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.

Petitioner objects to the Magistrate Judge's recommendation that his motion be construed as successive.  Petitioner argues, essentially, that his current motion does not constitute a successive motion to vacate, set aside or correct sentence under § 2255, because it challenges a

new judgment of sentence entered on February 11, 2014 – and not the January 17, 2013, judgment which he challenged in his prior motion to vacate under § 2255.

This Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. *In re Smith*, 690 F.3d 809, 2012 WL 3631145 (6th Cir.2012). The United States Court of Appeals for the Sixth Circuit has clarified this rule, stating:

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem,* 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id*. at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. In *Magwood v. Patterson,* 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id*. at 2797–98.

*Storey v. Vasbinder,* 657 F.3d 372, 376–77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

In *Magwood v. Patterson,* 561 U.S. 320 (2010), the petitioner filed a § 2254 petition challenging his 1981 death sentence. "[T]he District Court upheld Magwood's conviction but vacated his sentence and conditionally granted the writ based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id*. at 326 (footnote omitted). In response to the conditional writ, the state trial court held a new sentencing hearing in 1986, again imposing a sentence of death. *Id*. Magwood again filed a petition under 28 U.S.C. § 2254, in which he asserted that he did not receive fair notice that he could be sentenced to death and he had been denied the effective assistance of counsel during the re-sentencing hearing. *Id*. at 328. The Supreme Court held that the 1986 sentencing hearing led to a new judgment, and that Magwood's second habeas corpus petition therefore did not constitute a successive petition. *Id*. at 331. Although *Magwood* involved a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it applies equally to motions under 28 U.S.C. § 2255. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013).

> The Magwood Court expressly refused to address whether the habeas petitioner is allowed to challenge "not only his resulting, new sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Magwood*, 561 U.S. at 342 (emphasis in original). However, as the Supreme Court went on to note in *Magwood*, 561 U.S. at 342 n. 16, several courts, including the Sixth Circuit, have held that the subsequent application is permitted only to the extent that the petitioner complains of errors that "originated at resentencing" which could not have been addressed in the earlier petition. *See, e.g., Lang v. United States*, 474 F.3d 348, 351–53 (6th Cir.2007) (and cases cited therein); *Ocampo v. United States*, No. 06–20172, 2014 WL 859841, at *3 (E.D.Mich. Mar.5, 2014) (citing *Lang* and *Ajan* ), appeal dismissed, No. 14–1335 (6th Cir. Apr. 21, 2014); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D.Ohio Feb.28, 2014); *Ellison v. Timmerman–Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D.Ohio Sept.20, 2011) (Merz, M.J.) (Report & Recommendation), adopted, 2012 WL 1898629 (S.D.Ohio May 23, 2012) (Spiegel, J.); *see also Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5–7 (N.D.Ohio

> Dec.13, 2013) (holding that the petitioner's claim that his "guilty plea was not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence" was successive within the meaning of 28 U.S.C. § 2244(b) because the claim "attack[ed] the validity of his underlying conviction rather than any error that arose out of his resentencing hearing" limited to proper imposition of post-release control); *Askew v. Bradshaw,* No. 5:12cv131, 2013 WL 5279357, at *1, *9–11 (N.D.Ohio Sept.18, 2013) (holding that a habeas petition was successive because the petitioner's claims amounted to an attack on the validity of the petitioner's original conviction and sentence and not his resentencing to the proper term of post-release control); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4–6 (S.D.Ohio Aug.1, 2013) (Abel, M.J.) (*Report & Recommendation*) (concluding that two grounds for relief were successive because they related to the initial judgment of conviction, rather than petitioner's resentencing, and thus could have been raised in his prior habeas petition), adopted as modified on other grounds, 2013 WL 5441755, at *3–4 (S.D.Ohio Sept.27, 2013) (Frost, J.). Moreover, courts have held that claims challenging amended judgment entries correcting clerical sentencing errors are successive because such entries "do not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect [a] petitioner's prior federal habeas corpus petition." See, *e.g., Berry v. Oppy*, No. 2:13cv617, 2014 WL 1091067, at *2 (S.D.Ohio Mar.18, 2014) (Smith, J.) (citing *In re Martin*, 398 F. App'x 326, 327 (10th Cir.2010); *In re Lampton*, 667 F.3d 585, 587–89 (5th Cir.2012); *Hawkins v. United States*, No. 89–CR–80335, 2011 WL 2533658, at *1–2 (E.D.Mich. June 27, 2011)); cf. *Carter v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv800, 2012 WL 2601760, at *9 (S.D.Ohio July 5, 2012) (Bowman, M.J.) (*Report & Recommendation*) (holding that "Nunc Pro Tunc" sentencing entry in accordance with a remand order to correct an error regarding post-release control "did not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect to petitioner's conviction or sentence imposed ... for the underlying criminal offenses"), adopted, 2012 WL 4056850 (S.D.Ohio Sept.14, 2012) (Spiegel, J.).

*Akemon v. Ohio Adult Parole Authority*, No. 1:13-cv-407, 2014 WL 4908914, at *12 (S.D. Ohio July 3, 2014)(finding that claims raised after a re-sentencing hearing that challenged the underlying judgment of conviction, and that could have been raised in the initial § 2254 petition, constituted successive claims that required authorization for filing).

4

Here, the record reflects that the Court issued a February 11, 2014, *Amended Order*, to correct what plainly appears to have been a clerical error in the initial, January 17, 2013, *Judgment and Commitment Order*. The transcript of the sentencing hearing confirms that, on January 16, 2013, the Court imposed a term of 60 months imprisonment on Count 1, and 38 months imprisonment on Count 2, ordering such sentences to be served consecutively to each other. (ECF No. 119, PageID# 539.) The *Minute Entry* for sentencing proceedings (ECF No. 74) indicates the same. The docket likewise reflects that the *Judgment* imposed consecutive terms of imprisonment on Counts 1 and 2. (ECF No. 75.) The United States Court of Appeals for the Sixth Circuit noted the same in its dismissal of Petitioner's appeal. (ECF No. 124, PageID# 562.)[1]

That being the case, this Court concludes that *Amended Order* correcting the clerical error did not change or otherwise constitute a "new judgment" within the meaning of *Magwood* with respect to petitioner's prior § 2255 motion. This Court has previously reached the same conclusion in regard to an amended judgment entry correcting what appeared to have been a clerical error. *Berry v. Oppy*, No. 2:13-cv-0617, 2014 WL 1091067 (S.D. Ohio March 18, 2014)(citing *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) (distinguishing *Magwood* in holding that a habeas petition filed after an amended judgment correcting a "clerical error" was entered constituted a successive petition under § 2244(b)); *In re Lampton*, 667 F.3d 585, 587–89 (5th Cir. 2012); *Hawkins v. United States,* No. 89–CR–80335, 2011 WL 2533658, at *1–2

---

[1] The Sixth Circuit stated:

> [T]he district court. . . imposed the following sentence:  60 months on Count 1 and 38 months on Count 2, to be served consecutively.  When the court prepared the judgment, however, it expressed the sentence as 60 months on Count 1 and 38 months on Count 2 to be served *concurrently*.  Recognizing its error, the district court subsequently sua sponte amended the judgment, ordering that Edward's sentences be served consecutively, for a total term of 98 months imprisonment.

*United States v. Edwards*, No. 14-3170  (ECF No. 124, PageID# 562.)

(E.D.Mich. June 27, 2011); *Mackey v. Sheets*, 2012 WL 3878145, at *9–10 (S.D.Ohio Sept.6, 2012)).

Moreover, Petitioner does not raise in his numerically second § 2255 petition any new claim resulting from the Court's *Amended Order* correcting the clerical error which could not have been previously raised. To the contrary, Petitioner asserts that his prior criminal history points were improperly calculated based on inaccurate information in the *PreSentence Investigation Report*. *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* (ECF No. 125, PageID# 567.) Petitioner raised this same issue in his prior *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or correct Sentence by a Person in Federal Custody* (ECF No. 81, PageID# 241), and this Court has already rejected that claim. *See Report and Recommendation* (ECF No. 111)(finding that the claim should have been raised on direct appeal).

Therefore, this Court concludes that Petitioner's current *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* constitutes a successive motion under 28 U.S.C. § 2255.

Petitioner's *Objection* (ECF No. 146) is **OVERRULED.** The *Report and Recommendation* (ECF No. 133) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion to Re-Sentencing Due to the Use of Inaccurate Information at the Original Sentencing* (ECF No. 125) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.

**IT IS SO ORDERED.**

    /s/ **GREGORY L. FROST**
GREGORY L. FROST
United States District Judge